1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                    June 2017 Grand Jury

11   UNITED STATES OF AMERICA,        CR No. 17-CR00587-R

12             Plaintiff,             I N D I C T M E N T

13        v.                          [26 U.S.C. § 7212(a): Attempt to
                                      Obstruct and Impede the
14   HIRAM M. MARTIN,                 Administration of Internal Revenue
                                      Laws; 26 U.S.C. § 7206(2): Aiding
15             Defendant.             and Assisting in the Preparation
                                      and Presentation of False
16                                    Documents]

17

18        The Grand Jury charges:

19                         COUNT ONE

20                    [26 U.S.C. § 7212(a)]

21   A.   INTRODUCTORY ALLEGATIONS

22        1.   At all times relevant to this Indictment:

23        a.   Defendant HIRAM M. MARTIN ("defendant MARTIN") was an

24   attorney licensed to practice law in the State of California.

25   Defendant MARTIN maintained an office in Los Angeles County, within

26   the Central District of California, where he did business as Martin

27   Law and Associates and as Martin and Associates (collectively,

28   "Martin Law and Associates").  Defendant MARTIN maintained Wells

1  Fargo Bank business account X4281 for Martin Law and Associates (the
2  "Martin Law Wells Fargo Bank Account") and Wells Fargo Bank account
3  X5789 as an attorney-client trust account (the "Martin Law Attorney-
4  Client Trust Account").

5          b.    The Internal Revenue Service ("IRS") was an agency of
6  the United States Department of Treasury responsible for
7  administering and enforcing the tax laws of the United States and
8  collecting the taxes owed to the Treasury of the United States by its
9  citizens.

10      2.   In or about March 2006, A.R., a professional football
11  player residing in Florida, who was then 23 years old and had no
12  experience in tax matters, retained defendant MARTIN to provide
13  assistance with A.R.'s tax matters, including the preparation and
14  filing of federal and state income tax returns.

15  B.   THE ATTEMPT TO OBSTRUCT AND IMPEDE THE ADMINISTRATION OF THE
16       INTERNAL REVENUE LAWS

17      3.   Beginning on an unknown date but at least as early as
18  August 7, 2007, and continuing to at least March 12, 2012, in Los
19  Angeles County, within the Central District of California, and
20  elsewhere, defendant MARTIN corruptly obstructed and impeded, and
21  endeavored to obstruct and impede, the due administration of the
22  internal revenue laws of the United States, by committing the
23  following acts, among others:

24          a.    Without the knowledge, consent, or approval of A.R.,
25  defendant MARTIN claimed large deductions on A.R.'s federal income
26  tax returns by reporting charitable contributions and business
27  expenses that defendant MARTIN knew were false.  For instance:

28

1        i.   On or about August 7, 2007, defendant MARTIN
2   filed and caused the filing of the U.S. Individual Income Tax Return,
3   Form 1040, of A.R. for calendar year 2006, which return was false and
4   fraudulent in that the return claimed itemized deductions based on
5   false charitable contributions in the amount of $1,901,500 and false
6   business expenses in the amount of $1,020,879, whereas in truth and
7   in fact, as defendant MARTIN then well knew and believed, A.R.
8   neither made the claimed charitable contributions nor had the claimed
9   business expenses.  The false deductions claimed on A.R.'s 2006 Form
10  1040 that defendant MARTIN submitted to the IRS resulted in a
11  substantial tax refund, namely, a refund of $901,472.

12       ii.   On or about August 14, 2007, defendant MARTIN
13  filed and caused the filing of the U.S. Individual Income Tax Return,
14  Form 1040, of A.R. for calendar year 2005, which return was false and
15  fraudulent in that the return claimed itemized deductions based on
16  false charitable contributions in the amount of $636,500 and false
17  business expenses in the amount of $906,772, whereas in truth and in
18  fact, as defendant MARTIN then well knew and believed, A.R. neither
19  made the claimed charitable contributions nor had the claimed
20  business expenses.  In support of the false charitable contributions
21  deduction, defendant MARTIN submitted to the IRS a letter purporting
22  to be from the Victory Chapel Christian Fellowship Church ("VCCFC"),
23  which falsely asserted that A.R. had made a cash contribution to
24  VCCFC in the amount of $632,000 on December 30, 2005, whereas in
25  truth and in fact, as defendant MARTIN then well knew and believed,
26  A.R. had not made this asserted cash contribution to VCCFC.  The
27  false deductions claimed on A.R.'s 2005 Form 1040 that defendant
28

1   MARTIN submitted to the IRS resulted in a substantial tax refund,

2   namely, a refund of $291,049.

3          iii. On or about January 4, 2008, defendant MARTIN

4   filed and caused the filing of the Amended U.S. Individual Income Tax

5   Return, Form 1040X, of A.R. for calendar year 2005, which claimed an

6   additional refund for A.R. in the amount of $30,959.

7       b.   Defendant MARTIN purported to provide A.R. with copies

8   of A.R.'s tax returns for the years 2005 and 2006 that had been filed

9   with the IRS.  In truth and in fact, as defendant MARTIN then well

10  knew, the copies provided to A.R. differed from A.R.'s tax returns

11  that defendant MARTIN actually filed with the IRS for the years 2005

12  and 2006.  Specifically, the tax returns that defendant MARTIN

13  provided to A.R. showed that A.R. neither owed any taxes nor was due

14  any refund for either calendar year 2005 or 2006.

15      c.   Without the knowledge, consent, or approval of A.R.,

16  defendant MARTIN took possession of the refunds that were issued to

17  A.R. on the basis of the 2005 and 2006 Forms 1040 and 1040X that

18  defendant MARTIN filed with the IRS.  For instance:

19          i.   On or about September 14, 2007, defendant MARTIN

20  caused the United States Treasury to mail a check comprising the

21  refund claimed on A.R.'s 2005 Form 1040, in the amount of $291,049,

22  to defendant MARTIN's mailing address, which check defendant MARTIN

23  deposited into the Martin Law Attorney-Client Trust Account.

24          ii.  On or about September 28, 2007, defendant MARTIN

25  caused the United States Treasury to deposit the refund claimed on

26  A.R.'s 2006 Form 1040 plus interest, in the amount of $932,824.44,

27  into the Martin Law Wells Fargo Bank Account.

28

iii. On or about April 21, 2008, defendant MARTIN caused the United States Treasury to deposit the refund claimed on A.R.'s amended 2005 Form 1040X plus interest, in the amount of $32,519, to be deposited into the Martin Law Attorney-Client Trust Account.

d.   Defendant MARTIN used the funds that he fraudulently obtained from the IRS for his own personal benefit, including to fund an account at Franklin Templeton Investments held in his own name.

e.   After the IRS began auditing A.R.'s 2006 and 2005 tax returns on or about August 16 and September 14, 2007, respectively, defendant MARTIN, knowing that the IRS was investigating these tax returns, submitted and caused the submission to the IRS of false letters purporting to support the fraudulent deductions claimed for A.R. on these tax returns.  For instance, on or about August 20, 2009, defendant MARTIN caused two letters to be faxed to the IRS that falsely purported to be from VCCFC.  One letter falsely stated that A.R. had made a $300,000 cash contribution to VCCFC on December 2, 2005.  The other letter falsely stated that A.R. had made a $1.8 million cash contribution to VCCFC on December 11, 2006.  As defendant MARTIN then well knew and believed, these letters were false in that A.R. had not made the asserted charitable contributions to VCCFC.

f.   In order further to obstruct and impede the IRS's efforts to properly determine A.R.'s tax liability and the correct amount of any refund for calendar years 2005 and 2006, without A.R.'s knowledge or authority, defendant MARTIN filed petitions with the United States Tax Court ("Tax Court") that purported to be filed on

1  A.R.'s behalf and fraudulently disputed actions taken by the IRS.

2  For instance:

3          i.   After the IRS issued, on or about August 27,

4  2009, an Income Tax Examination Changes notice, Form 4549, and an

5  Explanation of Items, Form 886-A, to A.R. proposing adjustments to

6  A.R.'s tax returns for calendar years 2005 and 2006, defendant MARTIN

7  filed, on or about December 11, 2009, a petition with the Tax Court,

8  purportedly on A.R.'s behalf, challenging the tax liability assessed

9  against A.R. by the IRS.  A.R. did not authorize defendant MARTIN to

10 file this petition with the Tax Court, and defendant MARTIN forged

11 A.R.'s signature on the petition.

12         ii.  After the IRS issued a notice of deficiency for

13 tax years 2005 and 2006 to A.R. on or about March 24, 2010, defendant

14 MARTIN filed, on or about June 16, 2010, another petition with the

15 Tax Court, purportedly on A.R.'s behalf, challenging the tax

16 liability assessed against A.R. by the IRS.  A.R. did not authorize

17 defendant MARTIN to file this petition with the Tax Court, and

18 defendant MARTIN forged A.R.'s signature on the petition.

19         g.   In order to further obstruct and impede the IRS's

20 efforts to properly determine A.R.'s tax liability and the correct

21 amount of any refund for calendar years 2005 and 2006, on or about

22 May 24, 2011, defendant MARTIN, without A.R.'s knowledge or

23 authority, executed, as counsel for A.R., a stipulated decision

24 entered on June 23, 2011 by the Tax Court, in which defendant MARTIN

25 agreed to the entry of judgment against A.R. for the following

26 deficiencies, additions to tax, and penalties for A.R.'s 2005 and

27 2006 tax returns:

28

| Year | Deficiency | Addition to Tax | Penalty |
|------|-----------|-----------------|---------|
| 2005 | $546,559.00 | $55,887.75 | $109,311.80 |
| 2006 | $1,016,580.00 | N/A | $202,705.80 |

     h.    In order to further obstruct and impede the IRS's ability to accurately assess A.R.'s tax liability for 2005 and 2006 and collect A.R.'s taxes due and owing, defendant MARTIN submitted and caused to be submitted to the IRS the following forms and documents:

     i.    On or about September 22, 2011, defendant MARTIN submitted to the IRS two fraudulent Demands for Abatement, Forms 843, purportedly on behalf of A.R., seeking relief from the tax liabilities assessed against A.R. for calendar years 2005 and 2006. Defendant MARTIN concealed from A.R. that defendant MARTIN was filing these Demands for Abatement, and defendant MARTIN forged A.R.'s signature on both forms.

     ii.   On or about October 1, 2011, defendant MARTIN resubmitted the two fraudulent Demands for Abatement, Forms 843, again seeking relief from the tax liabilities assessed against A.R. for calendar years 2005 and 2006. Defendant MARTIN concealed from A.R. that defendant MARTIN was submitting these fraudulent Demands for Abatement, and defendant MARTIN forged A.R.'s signature on the letters he mailed to the IRS with the Forms 843.

     iii.  On or about February 3, 2012, defendant MARTIN submitted to the IRS an additional Demand for Abatement, Form 843, purportedly on behalf of A.R., seeking relief from the tax liability assessed against A.R. for calendar year 2005. Defendant MARTIN concealed from A.R. that defendant MARTIN was filing this Demand for

Abatement, and the signature purporting to belong to A.R. on the form was forged.

        iv.  On or about February 10, 2012, defendant MARTIN mailed a letter to the IRS that falsely purported to be signed by A.R. and falsely asserted that the deductions claimed on A.R.'s tax return for calendar year 2005 were correct.

        v.  After the IRS issued, on or about March 8, 2012, a Notice of Federal Tax Lien for the outstanding tax liability on A.R.'s 2005 and 2006 tax years, defendant MARTIN mailed, on or about March 12, 2012, a fraudulent letter to the IRS falsely purporting to be from A.R. in an attempt to prevent an IRS collection effort by levy.

        i.  In order to prevent the IRS from discovering that defendant MARTIN had misappropriated the tax refunds issued to A.R. for calendar years 2005 and 2006 and thereby obstruct and impede the IRS's efforts to recover the refunds, defendant MARTIN concealed the issuance of the refunds, the audit, and defendant MARTIN's contacts with the IRS regarding the audit from A.R. and took steps to ensure that the IRS could not contact A.R. directly.  For instance:

        i.  Defendant MARTIN provided his own personal and business addresses, rather than A.R.'s address, as the taxpayer's address on documents and forms that he submitted to the IRS on A.R.'s behalf.

        ii.  Defendant MARTIN failed to inform or seek approval from A.R. when he submitted documents and forms to the IRS on A.R.'s behalf, and he failed to provide to A.R. notices, correspondence, and other documents that he received from the IRS,

the Tax Court, and other individuals and entities related to A.R.'s tax matters.

     iii. After an article was published describing the tax liabilities assessed against A.R. in January 2010, defendant MARTIN attempted to forestall any efforts by A.R. to contact the IRS by telling A.R. that the article was not true.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNTS TWO THROUGH FOUR

[26 U.S.C. § 7206(2)]

4.    On or about the dates listed below, in Los Angeles County, within the Central District of California, and elsewhere, defendant HIRAM M. MARTIN ("defendant MARTIN") willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service, under, and in connection with a matter arising under, the internal revenue laws, of the following Demands for Abatement of Tax, Forms 843, for taxpayer A.R., which defendant MARTIN knew were false and fraudulent as to a material matter in that: the signature they contained purported to be the signature of A.R.; the submission of the forms purported to be authorized by A.R.; and the forms reported that A.R. did not owe the tax liabilities that the IRS had assessed against A.R., whereas in truth and in fact, as defendant MARTIN then well knew and believed, the signatures of A.R. on the forms were forged; the forms were submitted without A.R.'s knowledge and authority; and A.R. did owe the taxes that the IRS had assessed:

//

//

//

//

//

//

//

//

//

//

| Count | Tax Year | Date Filed | False Document |
|-------|----------|------------|----------------|
| TWO | 2005 | 09/22/2011 | Demand for Abatement of Tax (Form 843) |
| THREE | 2006 | 09/22/2011 | Demand for Abatement of Tax (Form 843) |
| FOUR | 2005 | 02/03/2012 | Demand for Abatement of Tax (Form 843) |

A TRUE BILL

/S/
_____
Foreperson

SANDRA R. BROWN
Acting United States Attorney



SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

GEORGE S. CARDONA
Assistant United States Attorney
Chief, Major Frauds Section

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief Assistant for Trials,
   Integrity & Professionalism

ALEXANDER C.K. WYMAN
Assistant United States Attorney
General Crimes Section

11